Wayne D. Lonstein, Esq.
LONSTEIN LAW OFFICE, P.C.
80 North Main Street
P.O. Box 351
Ellenville, New York 12428
Telephone:   845-647-8500
Facsimile:    845-647-6277
Email: Legal@signallaw.com
WL0807

UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW JERSEY
CAMDEN DIVISION

---

DIRECTV, LLC, a California limited
liability company,

          Plaintiff,

v.

RIGOBERTO ALVAREZ, Individually, and
d/b/a EL CHARRO,

          Defendant.

---

**PLAINTIFF'S ORIGINAL COMPLAINT**

Civil Action No.

1.    Plaintiff, DIRECTV, LLC, sues RIGOBERTO ALVAREZ, Individually, and d/b/a EL CHARRO, (referred to hereinafter as "Defendant"), and states as follows:

### I. JURISDICTION

2.    This lawsuit is brought pursuant to the Cable Communications Policy Act of 1984, 47 U.S.C. §521, *et seq.* (The "Act"), as an action for declaratory and injunctive relief and damages for the improper receipt, transmission, and exhibition of satellite programming signals

1

in violation of the Act.  This Court has jurisdiction of the subject matter to this action under 28 U.S.C. §1331, pursuant to which the United States District Courts have original jurisdiction of all civil actions arising under the Constitution, laws or treaties of the United States.

3. This Court has personal jurisdiction over the parties in this action.  Defendant to this action had or has an agent or agents who had or has independently transacted business in the State of New Jersey and certain activities of Defendant giving rise to this action took place in the State of New Jersey; more particularly, Defendant's acts of violating federal laws and the proprietary rights of DIRECTV, LLC, as distributor of the satellite programming transmission signals, took place within the State of New Jersey.  Moreover, upon information and belief, Defendant has his principal place of business within the State of New Jersey; thus, this Court has personal jurisdiction over Defendant.

## II. VENUE

4. Venue is proper in this judicial district under 28 U.S.C. §1391(b) as a substantial part of the events or omissions giving rise to the claim occurred within Atlantic County, which is within the District of New Jersey [28 U.S.C. § 110].

## III. PARTIES

5. Plaintiff, DIRECTV, LLC (referred to hereinafter as "DIRECTV"), is at all times relevant hereto a limited liability company under the laws of the State of California.  DIRECTV is a major distributor of satellite programming doing business throughout the United States.

Through its operations, DIRECTV provides interstate direct broadcast satellite programming to subscribers with specialized satellite receiving equipment who pay for programming via a subscription fee and obtain a programming license from DIRECTV in return for a subscription. The obvious result of a user subscription is that users can then watch programs on their televisions and/or listen to certain high quality audio programs communicated electronically by DIRECTV via satellite (referred to hereinafter as the "Satellite Programming"). DIRECTV holds proprietary rights to the Satellite Programming it transmits and DIRECTV is the owner of and/or a lawfully designated distribution agent for such Satellite Programming.

6. Upon information and belief, EL CHARRO is the premises name located at 2430 Fairmount Avenue, Atlantic City, NJ 08401 (the "Establishment").

7. Upon information and belief, Defendant, RIGOBERTO ALVAREZ, is the owner of EL CHARRO, for the premises located at 2430 Fairmount Avenue, Atlantic City, NJ 08401.

8. Upon information and belief, EL CHARRO is located and doing business at 2430 Fairmount Avenue, Atlantic City, NJ 08401, as a commercial establishment.

9. Upon information and belief, Defendant, RIGOBERTO ALVAREZ, resides at 4216 Stewart Avenue, Atlantic City, NJ 08401.

10. Upon information and belief, Defendant, RIGOBERTO ALVAREZ, was the individual with supervisory capacity and control over the activities occurring within the Establishment known as EL CHARRO on September 4, 2014.

11. Upon information and belief, Defendant, RIGOBERTO ALVAREZ, received a financial benefit from the operations of EL CHARRO on September 4, 2014.

12. Upon information and belief, Defendant, RIGOBERTO ALVAREZ, was the individual with close control over the internal operating procedures and employment practices of EL CHARRO on September 4, 2014.

13. Upon information and belief, Defendant, RIGOBERTO ALVAREZ, authorized the exhibition of DIRECTV satellite programming at the Establishment on September 4, 2014.

14. Upon information and belief, Defendant, RIGOBERTO ALVAREZ, was present at the Establishment during the exhibition of DIRECTV satellite programming on September 4, 2014.

15. Upon information and belief, Defendant, RIGOBERTO ALVAREZ, advertised for the exhibition of DIRECTV satellite programming at the Establishment on and prior to September 4, 2014.

### IV. FACTS

16. DIRECTV incorporates and realleges by reference allegations within paragraphs 1 through 15 of this complaint as if fully set forth herein.

17. By way of further allegation, DIRECTV alleges that to prevent unauthorized entities and persons from viewing its Satellite Programming, DIRECTV encrypts the satellite transmissions. Upon payment of the appropriate subscription or license fees, DIRECTV authorizes and enables the subscriber to unscramble and receive the Satellite Programming.

18. On or about September 4, 2014, Defendant did not have a commercial account with DIRECTV authorized for public use at the establishment known as EL CHARRO located at

2430 Fairmount Avenue, Atlantic City, NJ 08401.

19. On or about September 4, 2014, Defendant, without obtaining valid commercial exhibition rights, willfully received and displayed DIRECTV Satellite Programming to the public and for commercial benefit or financial gain, at his commercial establishment, EL CHARRO, located at 2430 Fairmount Avenue, Atlantic City, NJ 08401. Such Satellite Programming was displayed without authorization from DIRECTV to exhibit in that location.

20. Defendant, without entitlement, without prior permission or authorization from DIRECTV, and without having paid DIRECTV for the right to receive, broadcast, use or display DIRECTV's Satellite Programming in the commercial establishment known as EL CHARRO, located at 2430 Fairmount Avenue, Atlantic City, NJ 08401, has received, assisted in receiving, transmitted, assisted in transmitting, divulged, published and displayed the content and substance of DIRECTV Satellite Programming at such Defendant's place of business, EL CHARRO. Without authorization, Defendant displayed and/or published such Satellite Programming to his customers and others. Defendant's conduct violates several federal statutes, including 18 U.S.C. §§2511 and 2512, and 47 U.S.C. §605, and laws of the State of New Jersey. Moreover, Defendant's acts were unauthorized, willful, and for purposes of direct or indirect commercial advantage or private financial gain.

21. DIRECTV provides services to homes based on residential rates and to commercial establishments under commercial rates. Because equipment used with DIRECTV services can be moved from residential locations to commercial establishments without DIRECTV's knowledge, owners of commercial establishments wishing to use DIRECTV's

5

programming for their own commercial gain, at the lower residential rates can surreptitiously gain access to DIRECTV programming without proper authorization by subscribing to DIRECTV services under a residential account and then installing/moving the equipment to their businesses and utilizing those services in a commercial environment.

22. DIRECTV has been damaged by Defendant in that (a) DIRECTV has been denied subscription fees for commercial use of its Satellite Programming; (b) DIRECTV's sales revenues have been reduced through Defendant's unfair competition; and (c) DIRECTV's proprietary rights in the Satellite Programming have been impaired. In addition, Defendant profited and gained commercial advantage from the unauthorized and willful use of DIRECTV's Satellite Programming.

23. DIRECTV has been required to retain attorneys to prevent Defendant's wrongful acts and to prosecute this action. Due to Defendant's statutory violations, DIRECTV is entitled to recover the reasonable attorney's fees and expenses incurred in prosecution of this action under federal law.

## V. CAUSES OF ACTION

### Count 1 - Damages for Violations of Cable Communications Policy Act
### [47 U.S.C. §605(e)(3(C)]

24. DIRECTV realleges the allegations contained in the foregoing paragraphs of this Complaint and incorporates such allegations as if fully set forth herein.

25. DIRECTV alleges on information and belief, that Defendant effected unauthorized interception and receipt of Satellite Programming by ordering programming for

residential use and subsequently displaying the programming in a commercial establishment for commercial gain without authorization, or by such other means which are unknown to DIRECTV and known only to Defendant.

26. Each of the Defendant's acts violates federal law. Defendant, illegally and without authorization, intercepted, received and exhibited, or otherwise assisted in the unauthorized interception, reception or exhibition of Satellite Programming transmitted by DIRECTV. Moreover, Defendant divulged or published the existence, contents, substance, purport, effect or meaning of such satellite communications. Further, Defendant used such communications for his own benefit or for the benefit of others who were not entitled to such communications. Each of these acts is a practice prohibited by 47 U.S.C. §605(a).

27. DIRECTV is a person aggrieved by Defendant's violations of 47 U.S.C. §605 and is authorized to institute this action against Defendant pursuant to 47 U.S.C. §605(e)(3)(A).

28. Defendant's violations of 47 U.S.C. §605 have injured DIRECTV's ability to maximize the revenues which it seeks to derive from the Satellite Programming, as DIRECTV has been deprived of the benefit of subscribers to the Satellite Programming. As a further result of such violations, DIRECTV's goodwill and reputation have been usurped by Defendant while Defendant gained and will continue to gain unjust profits and undeserved goodwill. DIRECTV is entitled to costs, reasonable attorney's fees, actual damages suffered and profits obtained by Defendant attributable to his illegal conduct.

29. Alternatively, DIRECTV is entitled to statutory damages in an amount not less than $1,000 nor more than $10,000 for each violation of 47 U.S.C. §605(a).

30. DIRECTV will further show that Defendant's conduct in violation of 47 U.S.C. §605(a) was committed willfully and for purposes of direct or indirect commercial advantage or private financial gain.

31. Due to Defendant's willful conduct, DIRECTV is entitled to statutory damages in an amount not less than $10,000 and up to $100,000 for each willful violation of 47 U.S.C. §605(a).

## Count 2 - Damages for Violations of 18 U.S.C. §2511

32. DIRECTV realleges the allegations contained in the foregoing paragraphs of this Complaint and incorporates such allegations as if fully set forth herein.

33. For a further cause of action, DIRECTV alleges that Defendant intentionally intercepted, endeavored to intercept, or procured other persons to intercept electronic communications from DIRECTV. Defendant further disclosed or endeavored to disclose to others the contents of electronic communications, knowing or having a reason to know that the information was obtained through the interception of electronic communications in violation of 18 U.S.C. §2511. Defendant further intentionally used or endeavored to use the contents of electronic communications, knowing or having reason to know that the information was obtained through the interception of electronic communications in violation of 18 U.S.C. §2511.

34. DIRECTV is a person whose electronic communications are being intercepted, disclosed and/or intentionally used in violation of 18 U.S.C. §2511.

35. Due to Defendant's wrongful conduct, DIRECTV is entitled, under 18 U.S.C.

§2520, to the greater of the sum of (1) actual damages suffered by DIRECTV and the profits made by the Defendant as a result of his conduct, or (2) statutory damages in an amount the greater of $10,000 or $100 per day for each day Defendant acted in violation of 18 U.S.C. §2511.

### Count 3 - Civil Conversion

36. DIRECTV realleges the allegations contained in the foregoing paragraphs of this Complaint and incorporates such allegations as if fully set forth herein.

37. By virtue of the conduct set forth above, Defendant has unlawfully converted DIRECTV's property for his own commercial use and benefit.

38. Such conversion was done intentionally and wrongfully by Defendant to deprive DIRECTV of its proprietary interests, and for Defendant's direct commercial benefit and advantage.

39. Due to Defendant's wrongful conversion of DIRECTV Satellite Programming, DIRECTV suffered damages.

### VI. REQUEST FOR INJUNCTIVE RELIEF

40. DIRECTV realleges the allegations contained in the foregoing paragraphs of this Complaint and incorporates such allegations as if fully set forth herein.

41. DIRECTV further alleges that unless restrained by this Court, Defendant will continue to receive, intercept, transmit, and exhibit its Satellite Programming, illegally and without authorization, in violation of 47 U.S.C. §605.

42. The violations of 47 U.S.C. §605 set forth above have caused and will continue to cause DIRECTV irreparable harm.

43. DIRECTV cannot practicably determine the loss of subscribers and lost revenues resulting from Defendant's unlawful conduct. In addition to diminishing DIRECTV's revenues, Defendant's unlawful conduct injures DIRECTV's reputation and goodwill as well as its ability to attract and finance the future acquisition, production, and distribution of quality programming, thereby impairing DIRECTV's ability to enhance its future growth and profitability.

44. DIRECTV has no adequate remedy at law to redress the violations set forth above.

### VII. PRAYER

WHEREFORE, Plaintiff, DIRECTV, LLC, prays that this Court enter judgment in its favor and against Defendant, and:

a. Declare that Defendant's unauthorized interception, reception, and public commercial exhibition of DIRECTV's electronic communications, or its assistance in the performance of such unauthorized actions, were in violation of 18 U.S.C. §2511 and 47 U.S.C. §605, and that such violations were committed willfully and for purposes of direct or indirect commercial advantage and private financial gain;

b. In accordance with 18 U.S.C. §2520(b)(1) and 47 U.S.C. §605(e)(3)(B)(I), enjoin Defendant, and Defendant's establishment, its owners, officers, agents, servants, employees and attorneys, and all persons in active concert or participation with any of them from (i) interfering with DIRECTV's proprietary rights; (ii) intercepting, receiving, divulging, or displaying DIRECTV's Satellite Programming without prior written consent of DIRECTV; and (iii) further violations;

c. Award DIRECTV statutory damages in the amount of the greater of $10,000 or $100 per day for each day Defendant violated 18 U.S.C. §2511 or, alternatively, DIRECTV requests judgment for actual damages, plus damages equal to any

      profits attributable to the Defendant's violations of 18 U.S.C. §2511;

d.    Award DIRECTV statutory damages in the amount of $10,000 for each violation of 47 U.S.C. §605, plus an additional $100,000 for each violation pursuant to 47 U.S.C. §605(e)(3)(C)(ii); alternatively, DIRECTV requests judgment for actual damages, plus damages equal to any profits attributable to the Defendant's violations of 47 U.S.C. §605;

e.    That the Court award punitive damages; and

f.    That this Court award DIRECTV its costs, including reasonable attorney's fees, prejudgment interest and post-judgment interest, and such other relief to which DIRECTV may be entitled.

Dated:   September 14, 2015
            Ellenville, NY

            DIRECTV, LLC

            By:  /s/Wayne D. Lonstein
            WAYNE D. LONSTEIN, ESQ. (WL0807)
            Attorney for Plaintiff
            LONSTEIN LAW OFFICE, P.C.
            Office and P.O. Address
            80 North Main Street : P.O. Box 351
            Ellenville, NY   12428
            Telephone:   (845) 647-8500
            Facsimile:   (845) 647-6277
            Email: Legal@signallaw.com
            *Our File No. ES14-26NJ-10*