UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| DIRECTV, LLC, <br><br> Plaintiff, <br><br> v. <br><br> RIGOBERTO ALVAREZ, individually, and d/b/a EL CHARRO, <br><br> Defendant. | HONORABLE NOEL L. HILLMAN <br><br> CIVIL ACTION NO. 15-6827 <br><br> **OPINION** |

**APPEARANCES:**

LONSTEIN LAW OFFICE, P.C.
By: Wayne D. Lonstein, Esq.
80 N. Main Street
P.O. Box 351
Ellenville, New York 12428
        Counsel for Plaintiff

**HILLMAN**, United States District Judge:

   Plaintiff DIRECTV, LLC brings this suit pursuant to the Cable Communications Policy Act of 1984, 47 U.S.C. § 521, et seq.,[1] alleging that Defendant Rigoberto Alvarez essentially stole from DIRECTV when he used his residential DIRECTV subscription to broadcast DIRECTV programming in his bar, "el Charro," in Atlantic City.

---

[1] The Court has federal question subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

1

Alvarez was properly served with the summons and complaint in this action on October 21, 2015 (see Docket Entry No. 4), but has failed to appear.  The Clerk of Court properly entered default pursuant to Fed. R. Civ. P. 55(a) against Alvarez on January 13, 2016.

Presently before the Court is DIRECTV's Motion for Default Judgment as to only Count 1 of the three-count Complaint.  For the reasons stated herein, the motion will be granted.  However, final judgment in favor of DIRECTV will not be entered until DIRECTV indicates how it wishes to proceed on the remaining counts of the Complaint.

## I.

DIRECTV provides satellite television service for a fee. (Mader Aff. ¶ 4)  Commercial subscriptions cost more than residential subscriptions, thus, "[m]isappropriating residential DIRECTV programming for use in a commercial establishment, allows commercial establishment owners to publicly exhibit DIRECTV programming at substantially lower cost." (Mader Aff. ¶¶ 6, 7)

On September 4, 2014, a DIRECTV "auditor" entered a commercial establishment in Atlantic City, New Jersey, "el Charro! & Sports Bar" (Lonstein Aff. Ex. B), and observed a

television displaying Spanish language coverage of a tennis match with a DIRECTV blue banner across the top of the screen. (Mader Aff. ¶ 10 and Exs. A, C)

DIRECTV has no record of a commercial subscription for el Charro. (Mader Aff. ¶ 11)  DIRECTV does, however, have a record of a residential subscription in the name of Rigoberto Alvarez. (Mader Aff. ¶ 12)  According to DIRECTV records, the account was activated on April 16, 2009. (Id.)  DIRECTV disconnected the service for Alvarez's account on September 25, 2014. (Mader Aff. ¶ 13)

The allegations of the complaint, which are deemed admitted, state the following, in relevant part:

> 7.  Upon information and belief, Defendant, RIGOBERTO ALVAREZ, is the owner of EL CHARRO, for the premises located at 2430 Fairmount Avenue, Atlantic City, NJ 08401.
>
> . . .
>
> 10.  Upon information and belief, Defendant, RIGOBERTO ALVAREZ, was the individual with supervisory capacity and control over the activities occurring within the Establishment known as EL CHARRO on September 4, 2014.
>
> 11.  Upon information and belief, Defendant, RIGOBERTO ALVAREZ, received a financial benefit from the operations of EL CHARRO on September 4, 2014.
>
> 12. Upon information and belief, Defendant, RIGOBERTO ALVAREZ, was the individual with close control over the internal operating procedures and employment practices of EL CHARRO on September 4, 2014.

13. Upon information and belief, Defendant, RIGOBERTO ALVAREZ, authorized the exhibition of DIRECTV satellite programming at the Establishment on September 4, 2014.

14. Upon information and belief, Defendant, RIGOBERTO ALVAREZ, was present at the Establishment during the exhibition of DIRECTV satellite programming on September 4, 2014.

## II.

"Federal Rule of Civil Procedure 55(b)(2) authorizes courts to enter a default judgment against a properly served defendant who fails to a file a timely responsive pleading." *Chanel v. Gordashevsky*, 558 F. Supp. 2d 532, 535 (D.N.J. 2008) (citing *Anchorage Assoc. v. Virgin Is. Bd. of Tax Rev.*, 922 F.2d 168, 177 n.9 (3d Cir. 1990)).  However, a party seeking default judgment "is not entitled to a default judgment as of a right." *Franklin v. Nat'l Maritime Union of America*, No. 91-480, 1991 WL 131182, at *1 (D.N.J. 1991) (quoting 10 Wright, Miller & Kane, Federal Practice and Procedure § 2685 (1983)), *aff'd*, 972 F.2d 1331 (3d Cir. 1992).  The decision to enter a default judgment is "left primarily to the discretion of the district court." *Hritz v. Woma Corp.*, 732 F.2d 1178, 1180 (3d Cir. 1984).

Although every "well-pled allegation" of the complaint, except those relating to damages, are deemed admitted, *Comdyne*

4

*I. Inc. v. Corbin*, 908 F.2d 1142, 1149 (3d Cir. 1990), before entering a default judgment the Court must decide whether "the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit mere conclusions of law," *Chanel*, 558 F. Supp. 2d at 535 (citing *Directv, Inc. v. Asher*, No. 03-1969, 2006 WL 680533, at *1 (D.N.J. Mar. 14, 2006)).  "Three factors control whether a default judgment should be granted: (1) prejudice to the plaintiff if default is denied, (2) whether the defendant appears to have a litigable defense, and (3) whether defendant's delay is due to culpable conduct." *Chamberlain v. Giampapa*, 210 F.3d 154, 164 (3d Cir. 2000); *United States v. $55,518.05 in U.S. Currency*, 728 F.2d 192, 195 (3d Cir. 1984).  If a review of the complaint demonstrates a valid cause of action, the Court must then determine whether Plaintiff is entitled to default judgment.

### III.

**A.   Plaintiff has stated a cause of action**

The complaint asserts three claims for damages: (1) violations of the Cable Communications Policy Act, 47 U.S.C. § 605(e)(3)(C); (2) violations of 18 U.S.C. § 2511; and (3) civil conversion under New Jersey common law.  The complaint also

seeks injunctive relief. However, DIRECTV presently seeks default judgment only with respect to the violation of § 605.

The statute provides in relevant part, "no person receiving, assisting in receiving, transmitting, or assisting in transmitting, any interstate or foreign communication by wire or radio shall divulge or publish the existence, contents, substance, purport, effect, or meaning thereof, except through authorized channels of transmission or reception, (1) to any person other than the addressee, his agent, or attorney." 47 U.S.C. § 605(a).

By broadcasting DIRECTV programming in el Charro, Alvarez has violated the Act. *See generally DIRECTV, Inc. v. Seijas*, 508 F.3d 123 (3d Cir. 2007).

**B.   Plaintiff is entitled to default judgment**

<u>Prejudice to Plaintiff</u>

DIRECTV has adequately demonstrated that it will be prejudiced absent entry of default judgment. Its records indicate that it has suffered an actual loss of revenue totaling $11,650.71. (Lonstein Ex. A) Absent entry of default judgment, there is a substantial danger that DIRECTV will never recover this loss because Alvarez has, at all times, refused to participate in this suit, which was filed over a year ago.

<u>No meritorious defense</u>

"A claim, or defense, will be deemed meritorious when the allegations of the pleadings, if established at trial, would support recovery by plaintiff or would constitute a complete defense." *Poulis v. State Farm Fire and Cas. Co.*, 747 F.2d 863, 869-70 (3d Cir. 1984); *accord $55,518.05 in U.S. Currency*, 728 F.2d at 195; *Feliciano v. Reliant Tooling Co.*, 691 F.2d 653, 657; *Farnese v. Bagnasco*, 687 F.2d 761, 764 (3d Cir. 1982). Nothing in the papers before the Court, nor the Court's independent research concerning the relevant law, suggest that Alvarez has a meritorious defense to the § 605 claim.

<u>Defendant's delay is the result of culpable conduct</u>

"Culpable conduct is dilatory behavior that is willful or in bad faith." *Gross v. Stereo Component Sys., Inc.*, 700 F.2d 120, 123 (3d Cir. 1983).

The length of Alvarez's delay after having been properly served with the complaint, along with the nature of the claim asserted by DIRECTV, supports an inference of culpable conduct.

**C.   Damages**

DIRECTV has elected statutory damages pursuant to § 605(e)(3)(C)(i)(II).  Under that section the Court may award up to $10,000.00 per violation.  Upon a showing of a willful

7

violation committed for commercial advantage, the Court may award additional statutory damages up to $100,000.00. 47 U.S.C. § 605(e)(3)(C)(ii).

DIRECTV requests that the Court award the full $10,000.00 under (i)(II), and an additional $20,000.00 under (ii). The Court concludes such an award is appropriate in this case.

First, the full award under (i)(II) is appropriate because DIRECTV has established that it has suffered an actual loss of $11,650.71. (Lonstein Ex. A)

Second, the admitted facts demonstrate that Alvarez willfully violated the statute for commercial gain, and an additional award under (ii) is appropriate to serve as a deterrent. *See DirecTV, Inc. v. Gendrachi,* 2005 U.S. Dist. LEXIS 2001 at *11 (D.N.J. Feb. 14, 2005)("The purpose of statutory damages is to do more than make the victim whole; statutory damages also serve to penalize the wrongdoer and deter future misdeeds.").

The Court will award DIRECTV a total of $30,000.00 ($10,000.00 + $20,000.00) in statutory damages.

D.  **Attorneys fees and costs**

DIRECTV is entitled to fees and costs pursuant to 47 U.S.C. § 605(e)(3)(B)(iii).

DIRECTV's itemized documentation filed in connection with the motion adequately demonstrates that it has incurred

reasonable attorneys' fees and costs in the amount of $4,232.25. The Court will award that amount.

**IV.**

For the above-stated reasons, DIRECTV's Motion for Default Judgment on Count 1 will be granted.  However, in order to avoid piecemeal resolution of this matter a final judgment will not be entered until DIRECTV indicates how it wishes to proceed on the remaining claims asserted in the Complaint.  An appropriate order accompanies this opinion.


Dated: November 9, 2016
At Camden, New Jersey                    __s/ Noel L. Hillman____
                                         **Noel L. Hillman, U.S.D.J.**