```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| DIRECTV, LLC, | |
|       Plaintiff, | 1:15-cv-06827-NLH-KMW |
| | **OPINION** |
|   v. | |
| RIGOBERTO ALVAREZ, | |
|       Defendant. | |

**APPEARANCES**:

RONALD B. THOMPSON
LAW OFFICE OF RONALD B. THOMPSON
563 BERLIN-CROSS KEYS ROAD
SICKLERVILLE, NEW JERSEY 08081
    On behalf of Plaintiff

WAYNE D. LONSTEIN
LONSTEIN LAW OFFICE, P.C.
80 NORTH MAIN STREET
P.O. BOX 351
ELLENVILLE, NEW YORK 12428
    On behalf of Defendant

**HILLMAN, District Judge**

This case concerns Defendant's alleged violation of the Cable Communications Policy Act of 1984, 47 U.S.C. §§ 521 to 573. Presently before the Court is Defendant's motion to vacate the default judgment entered against him. For the reasons expressed below, Defendant's motion will be granted in part.

**I.**

Plaintiff filed a complaint against Defendant on September 14, 2015, alleging Defendant displayed satellite programming at

his Atlantic City bar without a commercial account in violation of the Cable Communications Policy Act of 1984. Defendant was served the complaint, but failed to file an answer or otherwise respond.

On November 20, 2015, Plaintiff filed a Status and Notice of Intention to Move for Default. On December 9, 2015, Plaintiff moved for entry of default. The clerk entered default on January 13, 2016. On February 29, 2016, Plaintiff filed a Status and Notice of Intention to File Default Motion. On March 11, 2016, Plaintiff moved for default judgment.[1] On November 9, 2016, this Court granted Plaintiff's motion for default judgment. Defendant filed a motion to vacate the default judgment on February 27, 2017.

**II.**

Federal Rule of Civil Procedure 55(c) provides: "The court may . . . set aside a final default judgment under Rule 60(b)." Fed. R. Civ. P. 55(c). Federal Rule of Civil Procedure 60(b) provides: "[T]he court may relieve a party . . . from a final judgment" for "mistake, inadvertence, surprise, or excusable neglect" or for "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(1), (6).

"A decision to set aside . . . a default judgment pursuant

---

[1] Defendant was served a copy of all of these filings.

to Fed. R. Civ. P. 60(b) is left primarily to the discretion of the district court." United States v. $55,518.05 in U.S. Currency, 728 F.2d 192, 194 (3d Cir. 1984)(footnote omitted) (citing Tozer v. Charles A. Krause Milling Co., 189 F.2d 242, 244 (3d Cir. 1951)). The Third Circuit "does not favor defaults," and, "in a close case[,] doubts should be resolved in favor of setting aside the default and reaching a decision on the merits." Gross v. Stereo Component Sys. Inc., 700 F.2d 120, 122 (3d Cir. 1983) (citing Farnese v. Bagnasco, 687 F.2d 761, 764 (3d Cir. 1982)).

A district court must consider four factors in determining whether to vacate a default judgment: "(1) whether lifting the default would prejudice the plaintiff; (2) whether the defendant has a prima facie meritorious defense; (3) whether the defaulting defendant's conduct is excusable or culpable; and (4) the effectiveness of alternative sanctions." Emcasco Ins. Co. v. Sambrick, 834 F.2d 71, 73 (3d Cir. 1987).[2]

### III.

This Court will consider each of the four Emcasco factors in turn. First, Plaintiff will not be prejudiced if the default

---

[2] Emcasco was a Rule 60(b)(1) case; it "does not provide a test that is applicable to a Rule 60(b)(6) motion." Budget Blinds, Inc. v. White, 536 F.3d 244, 257-58 (3d Cir. 2008). However, we need not address Rule 60(b)(6), as we are resolving Defendant's motion under Rule 60(b)(1).

3

judgment is lifted.  Plaintiff argues lifting the default would cause prejudice because of the increased difficulties in conducting discovery and the loss of evidence.  Plaintiff specifically argues installation records are not retained for more than three years and, if an installer visited Defendant's establishment as Defendant claims, the installer is likely no longer employed with Plaintiff.

"[T]o support a finding of prejudice," a party can "suggest[] that its ability to pursue the claim has been hindered since the entry of the default judgment" such as by "loss of available evidence, increased potential for fraud or collusion, or substantial reliance upon the judgment." Feliciano v. Reliant Tooling Co., 691 F.2d 653, 657 (3d Cir. 1982).  In this case, however, the evidence Plaintiff claims could be lost is within Plaintiff's control.  The installation records are presumably within the exclusive control of Plaintiff, meaning Plaintiff could have (upon Defendant's motion or earlier) preserved any applicable records for discovery if need be.  As to an installer no longer being employed with Plaintiff, this is hypothetical, as Plaintiff claims there was no such installation. In any event, there is no indication this was not the case prior to the default judgment.

Plaintiff further argues it would be prejudiced by having to incur additional costs to further litigate this matter.

4

However, the Third Circuit has held that costs associated with continued litigation cannot typically constitute prejudice. See id. at 656-57 ("Delay in realizing satisfaction on a claim rarely serves to establish the degree of prejudice sufficient to prevent the opening a default judgment entered at an early stage of the proceeding."). This Court finds Plaintiff will not be prejudiced by lifting the default judgment.

Second, we find that while Defendant lacks a prima facie meritorious defense as to liability, he has a possible meritorious defense as to damages. "The showing of a meritorious defense is accomplished when 'allegations of defendant's answer, if established on trial, would constitute a complete defense to the action.'" $55,518.05 in U.S. Currency, 728 F.2d at 195 (quoting Tozer, 189 F.2d at 244). To assert a meritorious defense, Defendant must "allege[] specific facts beyond simple denials or conclusory statements." Id.[3]

Defendant claims an installer set up boxes both at his residential house and at his commercial establishment, but the installer never told him the viewing of his subscription was prohibited in the bar. Defendant further claims there were

---

[3] Defendant never filed an answer to the complaint, but the allegations in Defendant's motion to set aside the default judgment will be considered. See, e.g., Kauffman v. Cal Spas, 37 F. Supp. 2d 402, 404 n.1 (E.D. Pa. 1999).

5

"ambiguous and vague terms and conditions for the viewing of broadcasts."[4] Congress "ma[de] the statute strict liability, providing for enhanced damages for willful violations, and creating an exception for non-willful violations." Joe Hand Promotions, Inc. v. Yakubets, 3 F. Supp. 3d 261, 290 n.46 (E.D. Pa. 2014). This was accomplished by developing an "enhanced damages rubric, which requires a showing of willfulness," and also a "statutory damages provision, which imposes strict liability." Id. at 275.[5]

Although this defense does not go to liability, it is a meritorious defense as to the extent of damages. Plaintiff was awarded both statutory damages as well as enhanced damages for a willful violation. If defendant's argument is successful, damages for the willful violation would be inappropriate. While some cases have held that a meritorious defense as to damages is

---

[4] Defendant argues disposition on the merits would allow for contribution from the installer. Defendant further states Plaintiff made an offer of accord and satisfaction where, if Plaintiff would accept an additional two year subscription instead of pursuing monetary damages. Defendant does not claim to have accepted this offer.

[5] Compare 47 U.S.C. § 605(e)(3)(c)(i)(II) ("[T]he party aggrieved may recover an award of statutory damages for each violation . . . in a sum of not less than $1,000 or more than $10,000 . . . ."), with id. § 605(e)(3)(c)(ii) ("In any case in which the court finds that the violation was committed willfully and for purposes of direct or indirect commercial advantage or private financial gain, the court in its discretion may increase the award of damages, whether actual or statutory, by an amount of not more than $100,000 for each violation of subsection (a).").

6

sufficient, see, e.g., Ferrostaal Metals Corp. v. Carle Shipping Corp., No. 93-3041, 1994 WL 2517, at *3 (E.D. Pa. Jan. 4, 1994) ("A limitation on the amount of damages can constitute a 'meritorious defense' because, although it does not completely bar . . . recovery, it may bar its recovery above the statutory maximum."), other have required a complete defense. See Atlas Commc'ns, Ltd. v. Waddill, No. 97-1373, 1997 WL 700492, at *3 (E.D. Pa. 1997)(Third Circuit "Court of Appeals has always described this element as requiring a 'complete defense.'"). Here we find that Defendant has only tendered a partial defense going only to damages and not a complete defense rendering this factor neutral.

We next consider whether Defendant's conduct is excusable or culpable. "The standard for 'culpable conduct' in this Circuit is the 'willfulness' or 'bad faith' of a non-responding defendant." Hritz v. Woma Corp., 732 F.2d 1178, 1182 (3d Cir. 1984). "Appropriate application of the culpable conduct standard requires that as a threshold matter more than mere negligence be demonstrated." Id. at 1183. "Reckless disregard for repeated communications from plaintiffs and the court, combined with the failure to investigate the source of a serious injury, can satisfy the culpable conduct standard." Id.

In his February 24, 2017 certification, Defendant certified he "became aware of this lawsuit because the Summons and

7

Complaint were served on [him] in or around the end of 2015."
Accordingly, Defendant knew there was suit filed against him in
this Court. He further certified he provided a copy of the
summons and complaint to his attorney.

Defendant was also provided notice multiple times of
Plaintiff's intention to pursue a default judgment. Defendant
did nothing until he filed his motion to set aside the default
judgment. While it appears Defendant willfully did not defend,
where a party's lack of action appears to be based in active
attempts to settle, courts in this District have not found an
inference of willfulness or bad faith. See, e.g., 1199 SEIU
United Healthcare Workers E. v. Amboy Care Ctr., Inc., No. 15-
cv-309, 2015 WL 3649031, at *3 (D.N.J. June 11, 2015) ("[T]he
alleged belief that the case might be settled . . . militates
against a finding of culpable conduct."); Lentini v. Ruggiero,
No. 12-3586, 2013 WL 5913683, at *3 (D.N.J. Oct. 31, 2013) ("The
Court finds that the record does not support an inference of
willfulness or bad faith on behalf of Defendant. Rather, it
appears that Defendant was actively involved with Plaintiff in
an attempt to settle the dispute."). As Defendant argues he
"had been attempting to negotiate a settlement" with Plaintiff
and "believed that the matter would be settled out of court," we
similarly find this militates against a finding of culpability.

Finally, we consider the effectiveness of alternative

sanctions.  A default judgment should be a sanction of "last, not first, resort." <u>Emcasco</u>, 834 F.2d at 75 (quoting <u>Carter v. Albert Einstein Med. Ctr.</u>, 804 F. 805, 807 (3d Cir. 1986)).  Here, we have founds two prongs weigh in favor of vacating the default judgment, but find Defendant failed to set forth a complete meritorious defense.  Although listed second, the Third Circuit considers the meritorious defense prong to be a "threshold issue in opening a default judgment." <u>Hritz</u>, 732 F.2d at 1181; <u>accord</u> <u>Mike Rosen & Assocs., P.C. v. Omega Builders</u>, 940 F. Supp. 115, 121 (E.D. Pa. 1996) ("[M]ost cases dealing with the existence of a meritorious defense as a threshold factor have been cases in which default judgment had been entered.").

In cases seeking to vacate only the entry of default, as opposed to the default judgment, "courts in this circuit seem unwilling to deny the motion to set aside entry of default solely on the basis that no meritorious defense exists." <u>Omega Builders</u>, 940 F. Supp. at 121.  In this case we deal with a default judgment, not an entry of default.  Accordingly, a meritorious defense is treated as a threshold issue.  However, in <u>In re Mohr</u>, No. 02-10551, 2005 WL 1532648 (E.D. Pa. Bankr. June 6, 2005), the court considered a motion to vacate a default judgment and found there was "not . . . a meritorious defense to liability for the judgment but rather . . . partial defense as

to damages." Id. at *5.  The court granted the motion to set aside the judgment as to amount only, thus "opening the judgment on very narrow terms." Id.  We decide similarly, as Defendant asserted a meritorious defense as to damages, even though Defendant failed to assert a meritorious defense as to liability. Defendant's motion to vacate default judgment is granted as to amount only.

We lastly address Plaintiff's request that this Court require Defendant to post a bond in the amount of $34,323.25 as a condition of granting Defendant's motion.  "Rule 60(b) gives the district court explicit authority to impose terms upon the opening of a default judgment."  Wokan v. Alladin Int'l, Inc., 485 F.2d 1232, 1234 (3d Cir. 1973).  It is "perfectly proper for a district court in an appropriate case to impose the condition to vacating a default judgment that the judgment holder not be deprived of any payment or security he has obtained as a result of the judgment."  Id. at 1235; see also Hritz, 732 F.2d at 1182 n.3 ("[P]rejudice suffered by a non-defaulting party can be rectified through the trial court's power to impose terms and conditions upon the opening of a judgment."). "[A] number of circuits have approved of conditioning the vacatur of defaults or default judgments on the posting of security for payment of all or part of an eventual adjudicated judgment." Powerserve Int'l, Inc. v. Lavi, 239 F.3d 508, 515 (2d Cir. 2001).

Plaintiff received a judgment against Defendant in the amount of $34,323.25 on February 17, 2017. We deny Plaintiff's request that a bond in this amount be posted. However, we find our limited opening of the default judgment warrants a bond be posted in the amount of $10,000 – the maximum amount of statutory damages and the amount imposed by this Court in our grant of default judgment. 47 U.S.C. § 605(e)(3)(C)(i)(II). The posting of this bond for the statutory damages comports with our limited opening of the default judgment.

An appropriate Order will be entered.


Date: September 27, 2017          s/ Noel L. Hillman
At Camden, New Jersey             NOEL L. HILLMAN, U.S.D.J.